IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Christopher Thaar, *on behalf of himself and all others similarly situated*, | : <br> : Civil Action No.: _____ <br> : |
| Plaintiff, | : |
| v. | : <br> : **DEMAND FOR JURY TRIAL** |
| Second Round, L.P., | : |
| Defendant. | : |

## CLASS ACTION COMPLAINT & JURY DEMAND

For this Class Action Complaint, the Plaintiff, Christopher Thaar, by undersigned counsel, pleading on his own behalf and on behalf of others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Christopher Thaar ("Plaintiff"), brings this class action for damages arising from the unlawful, predatory debt collection practices engaged in by Defendant Second Round, L.P. ("Defendant" or "Second Round").

2. Second Round sent Plaintiff, and thousands of other individuals, misleading and deceptive collection letters in an attempt to collect time-barred consumer debts, in flagrant violation of the FDCPA.

3. Specifically, Second Round's letters offered Plaintiff and other consumers across the country "2 money saving options," one of which involved

seven separate payments, but failed to disclose or warn consumers that by agreeing to the settlement offers, or by making a partial payment, they would be removing the statute of limitations bar on the debts and would effectively be granting Second Round the ability to sue to collect the debts.

4. The letters were each generated from the same template and aside from certain personal identifiers, are otherwise identical.

5. As a consumer who received one of Second Round's illegal letters, Plaintiff sues Second Round for its FDCPA violations individually and on behalf of all others similarly situated.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"),

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Plaintiff resides in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Roseville, Michigan.

9. Defendant Second Round is a Texas corporation headquartered at Austin, Texas.

## ALLEGATIONS APPLICABLE TO PLAINTIFF

10. Plaintiff incurred an alleged debt (the "Debt") to GE Capital Retail Bank (the "Original Creditor").

11. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12. Thereafter, Second Round sought to collect the Debt from Plaintiff.

### A. Second Round's Letter to Plaintiff

13. On July 11, 2019, Second Round sent Plaintiff a letter in an attempt to collect the Debt (the "Letter").

14. The Debt Second Round was attempting to collect was barred by the statute of limitations such that Plaintiff had no legal obligation to pay the Debt.

15. The Letter offered a number of different settlement proposals, including a proposal which would require Plaintiff to make seven separate payments:

Dear CHRISTOPHER THAAR,
Second Round Sub, LLC is excited to offer you 2 money saving options to take care of this account.

| Monthly Payments | | One Payment | |
|---|---|---|---|
| Payment Amount | $75.00 | Payment Amount | $355.81 |
| Number of Payments | 7 | Number of Payments | 1 |
| 1st Payment Due Date | 07/30/2019 | Due Date | 07/30/2019 |
| Savings Amount | $491.59 | Savings Amount | $660.78 |

obligations. We also understand that times are tough and it ca

16. The Letter separately set forth that "[b]ecause of the age of your debt, Second Round Sub, LLC will not sue you for it, and Second Round Sub, LLC will not report it to any credit reporting agency."

17. The Letter did not advise Plaintiff that if he agreed to one of the settlement proposals he would remove the statute of limitations bar preventing Second Round from suing him to collect the Debt.

18. The Letter was generated from a template.

19. Second Round sent thousands of copies of the template-based letters to individuals across the country, in an attempt to collect consumer debts from those individuals.

20. The letters Second Round sent to other individuals are in almost all respects identical to the Letter it sent Plaintiff, aside from certain personal identifying information.

B. **The Letter Misleads Consumers and is Deceptive**

21. It is misleading for a debt collector to send a dunning letter to extend an "offer" of "money saving options" with a reduced balance to Plaintiff when, in fact, it is offering an increase in the consumer's debt obligations. If the consumer accepts the "offer" in the form of a payment plan, they will, in fact, revive the debt and owe more money than before the purported offer was made.

22. Likewise, by advising Plaintiff that Second Round "will not" sue him regarding the Debt, but failing to warn him that if he agreed to any partial payment the Debt would be revived and Second Round could sue, Second Round mislead Plaintiff regarding the legal status of the Debt.

23. As the Sixth Circuit Court of Appeals has explained, "an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment" however this is "[n]ot true" because "[s]ome payment is worse than no payment" given that a "partial payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the full debt." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015). "As a result, paying anything less than the settlement offer exposes a debtor to substantial new risk." *Id.* Because "[t]his point is almost assuredly not within the ken of most people, whether sophisticated, whether reasonably unsophisticated, or whether unreasonably unsophisticated . . . "[w]ithout disclosure, a well-meaning debtor could inadvertently dig herself into an even deeper hole." *Id.*

24. In this case, because the Letter failed to include such a notification or warning, it was deceptive and misleading. *See id.; Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 685 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 736, 199 L. Ed. 2d 604 (2018) ("we believe the FDCPA prohibits a debt collector from

luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand."); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

### C. Plaintiff Suffered Actual Damages

25. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

26. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

27. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## CLASS ACTION ALLEGATIONS

### A. The Class

28. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

29. Plaintiff represents, and is a member of the following class (the "Class"):

> **All natural persons residing in the United States to whom Second Round mailed a letter, substantially similar to the Letter sent to Plaintiff, in an attempt to collect a debt, where the letter was not returned as undeliverable.**

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

31. Defendant sent letters substantially similar to the Letter it sent Plaintiff, to thousands of consumers across the country. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

33. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

      a. Whether Defendant's practice of transmitting communications to consumers in the form of the Letter violates the FDCPA;

      b. Whether Defendant is liable for damages, and the amount of such damages; and

      c. Whether Defendant should be enjoined from such conduct in the future.

34. The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant's transmission of the Letter to Plaintiff and numerous other consumers violated the FDCPA, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. **Typicality**

35. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. **Protecting the Interests of the Class Members**

36. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. **Proceeding Via Class Action is Superior and Advisable**

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15

U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

38. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

39. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

40. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

41. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

42. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I

## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e

43. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

44. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

45. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

46. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

47. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

48. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

49. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

2. Awarding reasonable attorney's fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692k(a)(3); and

3. Such other and further relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 27, 2019

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Christopher Thaar
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com